UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES G. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00479-JRS-DLP |
| | ) | |
| STATE OF INDIANA, | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |

## Order Dismissing Petition,
## Denying Motions,
## and Denying a Certificate of Appealability

James G. Wilson is an Indiana Department of Correction inmate serving a sentence for attempted murder from Marion County case number 49G02-1111-FA-080777. Mr. Wilson has challenged his state conviction and sentence numerous times in federal court, and in this action again seeks relief. Despite what he has titled his documents, the relief he seeks – not specifically set out but certainly implied as he attacks the state court's jurisdiction or authority to prosecute him – sounds in habeas corpus. *See United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citing *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). Because this action is a successor habeas corpus challenging a state conviction that has already been challenged in federal court, this Court has no jurisdiction absent Seventh Circuit authorization, and therefore must be dismissed. Additionally, the Court finds that a certificate of appealability should not issue.

## I. Background

In 2014, Mr. Wilson was convicted by jury of attempted murder in Marion County Superior Court cause number 49G02-1111-FA-080777. On direct appeal, the Indiana Court of Appeals affirmed the conviction and sentence on June 29, 2015. *Wilson v. State,* 37 N.E.3d 562, 2015 WL 3941453 (Ind. Ct. App. June 29, 2015) (unpublished). The Indiana Supreme Court denied transfer on October 5, 2015.

Mr. Wilson sought federal habeas relief on several prior occasions resulting in dismissals without prejudice. On June 15, 2017, Mr. Wilson filed a petition for a writ of habeas corpus again challenging this 2014 conviction. *Wilson v. Superintendent*, 2:17-cv-0282-JMS-MJD. After the petition was fully briefed, the action was dismissed with prejudice on March 22, 2018, because it was filed outside the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1). *See Wilson v. Superintendent*, 2:17-cv-0282-JMS-MJD (S.D. Ind. Mar. 22, 2018). The Court denied Mr. Wilson a certificate of appealability. *Id.*

## II. Discussion

In the instant habeas action, Mr. Wilson again challenges his state court conviction in 49G02-1111-FA-80777. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000) (The Antiterrorism and Effective Death Penalty Act places "stringent limitations . . . on the filing of a second or successive petition for habeas corpus. . . ."). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). "Section 2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss

a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (internal quotation omitted) (emphasis in original).

The Seventh Circuit Court of Appeals has not given prior authorization for this action. Accordingly, this Court lacks jurisdiction over Mr. Wilson's petition for a writ of habeas corpus and it is dismissed for lack of jurisdiction. Judgment consistent with this Order shall now enter.

### III. Motions

Because the petition is dismissed, Mr. Wilson's motion for leave to proceed in *in forma pauperis*, dkt. [3], is **denied** as moot. Mr. Wilson's motion to proceed on appeal *in forma pauperis*, dkt. [8], is **denied** as both premature and also because an appeal from this disposition would be frivolous.

### IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 § 2253(c)(2). At the certificate of appealability stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court finds that jurists of reason could not disagree with this Court's resolution of this action, and that the issue here does not warrant encouragement to proceed further. *Buck v. Davis*,

___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). The Court therefore **denies** a certificate of appealability.

      **IT IS SO ORDERED.**

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Date: 11/7/2018

Distribution:

James G. Wilson
139229
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only